IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| NANCY STEVENSON, | : |
| | : CASE NO. 1:05-cv-184-SJM |
| Plaintiff, | : |
| | : Judge Sean J. McLaughlin |
| v. | : |
| | : |
| BEVERLY HEALTH CARE | : |
| (Rehabilitation, Inc.),[1] | : |
| | : |
| Defendant. | : |
| | : |

**DEFENDANT BEVERLY HEALTH CARE'S ANSWER TO PLAINTIFF'S
COMPLAINT AND JURY DEMAND AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant, Beverly Enterprises - Pennsylvania, Inc. d/b/a Beverly Healthcare - Oil City, ("Defendant"), by and through undersigned counsel, and files this Answer to Plaintiff Nancy Stevenson's ("Plaintiff") Complaint and Jury Demand and Affirmative Defenses, respectfully submitting as follows:

**PARTIES**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Defendant admits that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to 29 U.S.C. § 621 *et seq*. and 42 U.S.C. § 2000e *et seq*. Defendant denies that it has

---

[1] Defendant has been improperly identified as "Beverly Health Care (Rehabilitation, Inc.)." Defendant respectfully requests that the docket be changed to reflect Defendant's proper corporate name, "Beverly Enterprises - Pennsylvania, Inc. d/b/a Beverly Healthcare - Oil City."

1

violated the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII") or any other federal or state statute.

4. Paragraph 4 contains legal conclusions to which Defendant is not required to reply. To the extent that Paragraph 4 does contain any factual allegations, Defendant admits only that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to 29 U.S.C. § 626(c), 28 U.S.C. § 1331, and 42 U.S.C. § 2000e-5(f). Defendant denies that it violated the ADEA, Title VII, or any other federal or state law. Defendant further denies that it engaged in any conduct which would subject it to the jurisdiction of this Court.

5. Defendant admits that Plaintiff seeks to place venue in the Western District of Pennsylvania. Defendant further admits that it is a corporation doing business in Oil City, Pennsylvania, but denies that engaged in any conduct which would bring it under the jurisdiction of this Court.

COUNT I
Age Discrimination in Employment Act

6. Defendant admits only that it meets the definition of "employer" as that term is used in the ADEA. Defendant admits the allegations contained in the second sentence of Paragraph 6. Defendant denies that it engaged in any conduct in violation of the ADEA.

7. Upon information and belief, Defendant admits only that Plaintiff was born in 1956. Defendant denies that it engaged in any conduct in violation of the provisions of the ADEA.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained the first sentence of Paragraph 9 of the Complaint. Defendant admits only that the Oil City facility received the "E Award" in 2004

based on the facility's overall performance during the 2003 calendar year.  Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

      10.    Defendant admits that Plaintiff's employment was terminated for legitimate business reasons including, among other reasons, violation of Defendant's company policies and "lack of confidence" in Plaintiff.

      11.    Defendant denies the allegations contained in Paragraph 11 of the Complaint.

      12.    Defendant denies the allegations contained in Paragraph 12 of the Complaint.

      13.    Defendant admits only that Kevin Billingsley is currently employed by Defendant in the position of Executive Director at the Oil City facility.  Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

      14.    Defendant denies the allegations contained in Paragraph 14 of the Complaint.

      15.    Defendant denies the allegations contained in Paragraph 15 of the Complaint.

      16.    Defendant denies that it engaged in any conduct in violation of federal or state law which would support any of the allegations contained in Plaintiff's charge.  Defendant admits only that Plaintiff attached what she purports to be a true and correct copy of a "Dismissal and Notice of Rights" form from the United States Equal Employment Opportunity Commission.  Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 16 of the Complaint, and therefore denies the same.

      17.    Defendant denies the allegations contained in Paragraph 17 of the Complaint.

      18.    Defendant denies the allegations contained in Paragraph 18 of the Complaint.

    Plaintiff's unnumbered "WHEREFORE" paragraph immediately following Paragraph 18 of the Complaint contains no allegations to which Defendant is required to respond; however, Defendant denies that Plaintiff is entitled to any relief whatsoever.

**COUNT II**
**Title VII**
**Unlawful Termination - Gender Discrimination**
**and Sexual Harassment**

19.     Defendant realleges and incorporates by reference, as though fully stated herein, its responses and denials contained in Paragraphs 1 through 18 as though the same were set forth here.

20.     Defendant admits that Plaintiff is female. Defendant denies that it engaged in any conduct in violation of Title VII or any other federal or state law.

21.     Defendant admits only that Kevin Billingsley is male. Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies that it engaged in any conduct in violation of federal or state law which would support the allegations contained in Plaintiff's charge. Defendant admits only that Plaintiff attached what she purports to be a true and correct copy of a "Dismissal and Notice of Rights" form from the United States Equal Employment Opportunity Commission. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 24 of the Complaint, and therefore denies the same.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

Plaintiff's "WHEREFORE" paragraph immediately following Paragraph 26 of the Complaint contains no allegations to which Defendant is required to respond; however, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Further answering, and by way of defense, Defendant answers Plaintiff's Complaint as follows:

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted to the extent that it fails to allege each and every element of each and every cause of action Plaintiff attempts to raise.

### Second Defense

To the extent that Plaintiff failed to exhaust her administrative remedies some or all of Plaintiff's claims are barred due to failure to exhaust administrative remedies.

### Third Defense

Defendant's actions were taken for legitimate business reasons.

### Fourth Defense

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### Fifth Defense

Plaintiff's claims for damages are barred to the extent that she failed to mitigate her damages, if any.

### Sixth Defense

Plaintiff's alleged damages are speculative and, thus, unavailable as a matter of law.

### Seventh Defense

Plaintiff's alleged damages are subject to offset.

### Eighth Defense

Compensatory damages, punitive damages and/or attorneys' fees are not available for the causes asserted.

### Ninth Defense

An award of punitive damages in this action would be unconstitutional.

### Tenth Defense

Even assuming that Plaintiff's allegations were sufficient to warrant an award of punitive damages (and they are not), an award of punitive damages would be precluded by Defendant's good faith effort to comply with federal and state laws, including Title VII, the ADEA, and all other federal and state laws pertaining to employment.

### Eleventh Defense

An award of reinstatement or front pay would be inequitable.

### Twelfth Defense

Plaintiff has no right to equitable relief to the extent that she has unclean hands.

### Thirteenth Defense

Defendant's actions were justified by business necessity.

### Fourteenth Defense

To the extent that any of Defendant's employees engaged in any of the conduct described in the Complaint (which they did not), such actions were outside the scope of his/her employment, were contrary to the policies and directives of Defendant, and were not done in the furtherance of Defendant's business interests.

Fifteenth Defense

Plaintiff is barred from recovering a remedy to the extent that she engaged in any misconduct, violation of Defendant's polices, or other conduct that would have precluded her from obtaining and/or continuing employment with Defendant, had Defendant discovered such conduct.

Sixteenth Defense

Defendant reserves the right to supplement its Answer with additional defenses.

WHEREFORE, having fully answered the Complaint, Defendant Beverly Health Care requests that judgment be awarded to Defendant, that the Complaint be dismissed with prejudice and at Plaintiff's cost, and that the Court award Defendant its costs, attorneys' fees, and any and all further relief at law or in equity that is just and proper.

Respectfully submitted,

/s/ Charles M. Roesch

Charles M. Roesch, Esq. (OH 0013307)
DINSMORE & SHOHL, LLP
Suite 1900
255 East Fifth Street
Cincinnati, OH 45202
Telephone: (513) 977-8200
Fax: (513) 977-8141
croesch@dinslaw.com

Attorney for Defendant Beverly Enterprises - Pennsylvania, Inc. d/b/a Beverly Healthcare - Oil City

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 2, 2005, a copy of the foregoing was served by regular mail to Neal A. Sanders, Law Offices of Neal A. Sanders, 1924 North Main Street extension, Butler, Pennsylvania 16001.


                                          /s/ Charles M. Roesch

1179603v1